**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | |
|---|---|
| ARNOLD BENAVIDES, individually and on behalf of all others similarly situated, | |
| Plaintiff(s), | |
| v. | Case No. 2:19-cv-00354 |
| MIDLAND CREDIT MANAGEMENT, INC. | |
| Defendant. | |

**CLASS ACTION COMPLAINT**

Now Comes Plaintiff, ARNOLD BENAVIDES ("Plaintiff"), by and through his undersigned attorney, and brings this proposed Class Action Complaint against Defendant MIDLAND CREDIT MANAGEMENT, INC. and on behalf of a class of all others similarly situated:

**I.    Parties, Jurisdiction and Venue**

1.    Plaintiff is a resident of Corpus Christi, Texas.

2.    Defendant MIDLAND CREDIT MANAGEMENT, INC. ("MCM") is incorporated in the State of Kansas and maintains its principal place of business at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108.

3.    Plaintiff has filed this civil action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq*.

4.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 as the FDCPA is a federal statute.

5.    MCM is a debt collector as defined by Section 1692a(6) of the FDCPA because MCM routinely uses the United States Postal Service for the collection of consumer debts.

6.     MCM's principal purpose is collection of consumer debts owed to Midland Funding LLC ("Midland").

7.     This Court has federal question jurisdiction and venue is proper pursuant to 15 U.S.C. § 6104(f) which provides that "[a]ny civil action brought under subsection (a) in a district court of the United States may be brought in the district in which the defendant is found, is an inhabitant, or transacts business or wherever venue is proper under section 1391 of title 28."

8.     Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because MCM mailed the 06-26-2019 letter to an address within this District and MCM routinely collects consumer debts in this District and MCM sent the Collection Letter to Plaintiff in this District.

9.     Venue and personal jurisdiction exist in this District pursuant to U.S.C. §§ 1391(b)-(c) and 1441(a) because MCM, as a corporation, is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

10.    Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because MCM is subject to personal jurisdiction within this District by virtue of the fact that it has conducted significant and continuous debt purchase and collection activities within this jurisdiction.

11.    Plaintiff seeks to represent a class of consumers residing in this Judicial District.

**II.   Allegations Related to the Subject Debt**

12.    Plaintiff obtained credit (the "Subject Debt") from OneMain Financial Warehouse Trust.  Plaintiff incurred the Subject Debt for personal and household expenses.

13.    The Subject Debt fell into a default status after Plaintiff fell into circumstances that prevented him from paying the Subject Debt.

14.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because he is a "person obligated or allegedly obligated to pay" the Subject Debt and he regarded as such by MCM.

15.    MCM regards the Subject Debt as "arising out of a transactions in which" money and/or services were obtained by Plaintiff from a creditor where the money and/or services were "primarily for personal, family or household purposes[.]"

**III.    MCM's Collection Letter Dated 06-26-2019**

16.    MCM sent a letter to Plaintiff dated 06-26-2019 to collect the Subject Debt.

17.    MCM's 06-26-2019 Letter was mailed to Plaintiff by Midland inside of an envelope with the following language in bold and fully capitalized font: "**TIME SENSITIVE DOCUMENT**" (hereafter the "Time Sensitive Envelope" or "Envelope").

18.    A redacted image of the Time Sensitive Envelope is depicted below:



19.    When Plaintiff received the Envelope, his attention was drawn to the fact that the Envelope said "**TIME SENSITIVE DOCUMENT.**"

20.    Plaintiff understood the words "**TIME SENSITIVE DOCUMENT**" to mean that there was a time sensitive document inside the Envelope.

21.     After reading the word "**TIME SENSITIVE DOCUMENT**" Plaintiff immediately opened the Envelope in order to examine the time sensitive document that was reportedly contained inside the Envelope.

22.     MCM's use of the words "**TIME SENSITIVE DOCUMENT**" on the face of the Time Sensitive Envelope violated Section 1692f(8) of the FDCPA.

23.     Section 1692f(8) specifically prohibits a debt collector from "[u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails . . . except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business."

24.     Additionally, from the perspective, MCM's use of the words "**TIME SENSITIVE DOCUMENT**" also violated Sections 1692e(2)(A) and 1692e(10) by creating a false sense of urgency to all consumers, and in particular, least sophisticated consumers.

25.     By using the phrase "**TIME SENSITIVE DOCUMENT**", MCM falsely suggested to least sophisticated consumers that the Envelope contained a "time sensitive" document when it is not readily apparent that the contents of the enclosed document are truly "time sensitive."

26.     MCM sends collection letters inside of Time Sensitive Envelopes in an attempt to cause consumers to open the Envelopes, read the enclosed letter and call MCM about the debt.

27.     MCM has determined that it collects more money from consumers when it sends letters in Time Sensitive Envelopes.

28.      On information and belief, MCM's research demonstrates that least sophisticated consumers are more likely to open collection letters sent in Time Sensitive Envelopes than envelopes that do not contain the words "**TIME SENSITIVE DOCUMENT.**"

29.     MCM sent the 06-26-2019 Letter to Plaintiff in an attempt to collect a debt.

30. The 06-26-2019 Letter informed Plaintiff to "CALL US TODAY!" and listed MCM's toll-free telephone number (hereafter the "**CALL US TODAY!** Letter").

31. A redacted copy of the 06-26-2019 is depicted below:



32.     The upper right corner of the **CALL US TODAY!** Letter identifies "OneMain Financial Warehouse Trust" as the original creditor of the Subject Debt, identifies a "Current Balance" of $2,226.39 and lists Midland as the "Current Creditor".

33.     The upper left corner of the **CALL US TODAY!** Letter states, "Midland Credit Management, Inc. (MCM) is the debt collection company, which will be collecting on, and servicing your account."

34.     The phrase "servicing your account" is not defined and therefore was a confusing phrase to a least sophisticated consumer like Plaintiff.

35.     The phrase "servicing your account" was a confusing phrase to least sophisticated consumer like Plaintiff because this undefined and vague phrase suggested to Plaintiff that MCM was intending to do more than simply "collecting on . . . your account."

36.     Plaintiff read the **CALL US TODAY!** Letter carefully in an attempt to understand the "time sensitive" nature of the letter.

37.     The **CALL US TODAY!** Letter identified three "AVAILABLE PAYMENT OPTIONS" and listed an "Offer Expiration Date" of 07-26-2019.

38.     The "Offer Expiration Date" of 07-26-2019 indicated that three payment options would expire by that date.

39.     "Option 1" stated "**40% OFF.**"

40.     "Option 2" stated "**20% OFF** Over 6 Months."

41.     "Option 3" stated that Plaintiff could have "Monthly Payments As Low as: $50 per month" and told Plaintiff "[c]all today to discuss your options and get more details."

42.      "Option 1" which identified "**40% OFF,**" did not specifically identify the total amount the resultant savings adjacent to the proposed payment "Option."

43.     "Option 1" which identified "**40% OFF**," did not specifically identify a payment due date adjacent to the proposed payment "Option."

44.     Option 1 was crafted this way on purpose to cause consumers like Plaintiff to call MCM for more details with the primary purpose of causing MCM's employees to put pressure on consumers like Plaintiff to agree to Option 1.

45.     "Option 2" which identified "**20% OFF** Over 6 Months" did not specifically identify the total amount the resultant savings adjacent to the proposed payment "Option."

46.     Option 2 was crafted this way on purpose to cause consumers like Plaintiff to call MCM for more details with the primary purpose of causing MCM's employees to put pressure on consumers like Plaintiff to agree to Option 2.

47.     By using the words "Current Balance", "Save $890.56 if you pay by 07-26-2019" and listing a "Offer Expiration Date" of 07-26-2019, the **CALL US TODAY!** Letter plausibly suggested to Plaintiff at the time that he read the **CALL US TODAY!** Letter that the "Current Balance" of the Subject Debt would increase (emphasis in original).

48.     MCM's use of the Time Sensitive Envelopes to send the **CALL US TODAY!** Letter along with the formatting and wording of the **CALL US TODAY!** Letter caused Plaintiff to call MCM and lead to Plaintiff agreeing to pay down the Subject Debt.

49.     The **CALL US TODAY!** Letter ended with the phrase "[w]e are not obligated to renew any offers provided." (hereafter the "Renewal Disclosure").

50.     MCM placed the Renewal Disclosure at least two inches below the body of the **CALL US TODAY!** Letter and the three payment options identified by the Letter.

51.     MCM placed the Renewal Disclosure at least two inches below the body of the **CALL US TODAY!** Letter to minimize the impact of the language on a reader.

7

52.     The back page of the **CALL US TODAY!** Letter informed Plaintiff that the original creditor of the Subject Debt charged-off the Subject Debt on 01-29-2016.

53.     The **CALL US TODAY!** Letter did not disclose to Plaintiff that MCM could not or would not sue Plaintiff to collect the Subject Debt.

54.     On information and belief, the **CALL US TODAY!** Letter, despite being enclosed in a Time Sensitive Envelope, was not mailed to Plaintiff on 06-29-2019.

55.     MCM's conduct of mailing collection letters days after the purported mailing date was done to create a false sense of urgency among least sophisticated consumers in order to pressure least sophisticated consumers into accepting one of MCM's so-called "AVAILABLE PAYMENT OPTIONS."

56.     This practice resulted in least sophisticated consumers like Plaintiff perceiving a dual sense of urgency – where urgency was created by MCM's delay in mailing the collection letter and its transmission of the letters inside of Time Sensitive Envelopes.

57.     Furthermore, the so-called "AVAILABLE PAYMENT OPTIONS" were not "time sensitive," but Plaintiff and others like him who read similar letters did not know that the offers were not time sensitive at the time they read them.

**IV.   MCM's 07-26-2019 Collection Letter**

58.     MCM mailed a letter to Plaintiff dated 07-26-2019 which informed Plaintiff that his "recent scheduled payment with Midland Credit Management, Inc. was returned or declined."

59.     As depicted in the below image, the 07-26-2019 letter included the following phrase: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid."



(Hereafter the "Time-Barred Debt Disclosure Language").

60.     As depicted in the below image, the back of MCM's letter dated 07-26-2019 informed Plaintiff that the original creditor of the Subject Debt charged-off the Subject Debt on 01-29-2016:

**Important Disclosure Information:**

Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Calls to and/or from this company may be monitored or recorded.

**Basic Information**

| Original Creditor | Onemain Fin Warehouse Trust | MCM Account Number | |
|---|---|---|---|
| Original Account Number | | Charge-Off Date | 01-29-2016 |
| Current Creditor *The sole owner of this debt* | Midland Funding LLC | Current Servicer | Midland Credit Management, Inc. |

61.     Because MCM reported that the Subject Debt was charged-off on 01-29-2016, the 07-26-2019 Letter should not have included the Time-Barred Debt Disclosure Language.

62.     The inclusion of the Time-Barred Debt Disclosure Language in MCM's Letter dated 07-26-2019 was a material disclosure as it would tend to impact a consumer's understanding regarding the fact that MCM was purporting to represent that it would not sue Plaintiff to collect the Subject Debt based upon the purported age of the Subject Debt.

63.     If the Subject Debt was charged-off on 01-29-2016, it was a misstatement and/or misrepresentation for MCM to include the Time-Barred Debt Disclosure Language on its Letter dated 07-26-2019 where the Subject Debt was not in fact time-barred.

## V.    MCM's 07-29-2019 Collection Letter

64.     MCM mailed a letter to Plaintiff dated 07-29-2019. The 07-29-2019 Letter stated that "On 07-27-2019, you agreed to: Pay MCM $1,780.74 by making multiple payments as described below via debt card. This agreement will resolve your account."

65.     MCM's 07-29-2019 Letter identified a payment due date of 07-27-2019 and a payment amount of $10.00.

66.     As depicted in the below image, MCM's 07-29-2019 Letter also included the
aforementioned Time-Barred Debt Disclosure Language:



67.     The back of MCM's letter dated 07-29-2019 informed Plaintiff that the original
creditor of the Subject Debt charged-off the Subject Debt on 01-29-2016.

68.     Because MCM reported that the Subject Debt was charged-off on 01-29-2016, the
07-29-2016 Letter should not have included the Time-Barred Debt Disclosure Language.

69.     The inclusion of the Time-Barred Debt Disclosure Language in MCM's Letter
dated 07-29-2019 was a material disclosure as it would tend to impact a consumer's understanding

regarding the fact that MCM was purporting to represent that it would not sue Plaintiff to collect the Subject Debt based upon the purported age of the Subject Debt.

70.    If the Subject Debt was charged-off on 01-29-2016, it was a misstatement and/or misrepresentation for MCM to include the Time-Barred Debt Disclosure Language on its Letter dated 07-29-2019 where the Subject Debt was not in fact time-barred.

71.    MCM's inclusion of the Time-Barred Debt Disclosure Language on the 07-29-2019 Letter violated Section 1692e(2)(A) of the FDCPA which prohibits "The false representation of — the character, amount, or legal status of any debt."

72.    MCM's inclusion of the Time-Barred Debt Disclosure Language on the 07-29-2019 Letter violated Section 1692e(10) of the FDCPA which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

## VI.  MCM's 08-07-2019 Collection Letter

73.    MCM mailed a letter to Plaintiff dated 08-07-2019 where the Letter informed Plaintiff that his "recent scheduled payment with Midland Credit Management, Inc. was returned or declined."

74.    MCM's 08-07-2019 letter included the following phrase: "THE LAW LIMITS HOW LONG YOU CAN BE SUED ON A DEBT. BECAUSE OF THE AGE OF YOUR DEBT, WE WILL NOT SUE YOU FOR IT. IF YOU DO NOT PAY THE DEBT, MIDLAND FUNDING LLC MAY CONTINUE TO REPORT IT TO THE CREDIT REPORTING AGENCIES AS UNPAID FOR AS LONG AS THE LAW PERMITS THIS REPORTING. THIS NOTICE IS REQUIRED BY LAW." (Hereafter the "Updated Time-Barred Debt Disclosure Language").

75.     The below image depicts MCM's 08-07-2019 letter along with the Updated Time-Barred Debt Disclosure language:



76.     The back of MCM's letter dated 08-07-2019 informed Plaintiff that the original creditor of the Subject Debt charged-off the Subject Debt on 01-29-2016.

77.     Because MCM reported that the Subject Debt was charged-off on 01-29-2016, the 08-07-2016 Letter should not have included the Updated Time-Barred Debt Disclosure Language.

78.     The inclusion of the Time-Barred Debt Disclosure Language in MCM's Letter dated 08-07-2019 was a material disclosure as it would tend to impact a consumer's understanding regarding the fact that MCM was purporting to represent that it would not sue Plaintiff to collect the Subject Debt based upon the purported age of the Subject Debt.

79.     If the Subject Debt was charged-off on 01-29-2016, it was a misstatement and/or misrepresentation for MCM to use the Updated Time-Barred Debt Disclosure Language on the 08-07-2019 Letter where the Subject Debt was not in fact time-barred.

80. MCM's inclusion of the Time-Barred Debt Disclosure Language on the 08-07-2019 Letter violated Section 1692e(2)(A) of the FDCPA which prohibits "The false representation of — the character, amount, or legal status of any debt."

81. MCM's inclusion of the Time-Barred Debt Disclosure Language on the 08-07-2019 Letter violated Section 1692e(10) of the FDCPA which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

### VII. MCM's 08-30-2019 Collection Letter

82. MCM mailed a letter to Plaintiff dated 08-30-2019 where the Letter informed Plaintiff that his "recent scheduled payment with Midland Credit Management, Inc. was returned or declined."

83. As depicted in the below image, MCM's 08-30-2019 included the "Updated Time-Barred Debt Disclosure Language":



84.     The back of MCM's letter dated 08-30-2019 informed Plaintiff that the original creditor of the Subject Debt charged-off the Subject Debt on 01-29-2016.

85.     Because MCM reported that the Subject Debt was charged-off on 01-29-2016, the 08-30-2016 Letter should not have included the Updated Time-Barred Debt Disclosure Language.

86.     The inclusion of the Time-Barred Debt Disclosure Language in MCM's Letter dated 08-30-2019 was a material disclosure as it would tend to impact a consumer's understanding regarding the fact that MCM was purporting to represent that it would not sue Plaintiff to collect the Subject Debt based upon the purported age of the Subject Debt.

87.     If the Subject Debt was charged-off on 01-29-2016, it was a misstatement and/or misrepresentation for MCM to include the Updated Time-Barred Debt Disclosure Language where the Subject Debt was not in fact time-barred.

88.     MCM's inclusion of the Time-Barred Debt Disclosure Language on the 08-30-2019 Letter violated Section 1692e(2)(A) of the FDCPA which prohibits "The false representation of — the character, amount, or legal status of any debt."

89.     MCM's inclusion of the Time-Barred Debt Disclosure Language on the 08-30-2019 Letter violated Section 1692e(10) of the FDCPA which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

### VIII.   Causes of Action

### Count I – The Time Sensitive Envelope Violates Section 1692f(8) of the FDCPA

90.     Plaintiff realleges the above paragraphs as though fully set forth herein.

91.     Section 1692f of the FDCPA generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

92.     Section 1692f(8) specifically prohibits a debt collector from:

> Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

93.     Section 1692f(8) contains no exceptions – any extraneous text on the envelope or on the outside of a self-mailer violates 15 U.S.C. § 1692f(8).

94.     The use of the phrase "**TIME SENSITIVE DOCUMENT**" on the envelope used to transmit the **CALL US TODAY!** Letter violates Section 1692f(8) of the FDCPA as a matter of law because Section 1692f(8) prohibits a debt collector from using *any language*, other than the debt collector's address, on any envelope when communicating with a consumer.

95.     Plaintiff immediately opened the Time Sensitive Envelope because it contained the words "**TIME SENSITIVE DOCUMENT.**"

96.     Plaintiff understood the words "**TIME SENSITIVE DOCUMENT**" to mean that there was a time sensitive document contained within the envelope.

97.     MCM's use of the words "**TIME SENSITIVE DOCUMENT**" created a false sense of urgency to a least sophisticated consumer like Plaintiff as to the words written on the **CALL US TODAY!** Letter.

98.     The Time Sensitive Envelope's use of the bold and capitalized words "**TIME SENSITIVE DOCUMENT**" violates Section 1692f(8) of the FDCPA as a matter of law because Section 1692f(8) prohibits a debt collector from using *any language*, other than the debt collector's address, on any envelope when communicating with a consumer.

99.     The Time Sensitive Envelope's use of the bold and capitalized words "**TIME SENSITIVE DOCUMENT**" violates Section 1692f and in particular Section 1692f(8) of the

FDCPA because printing on the Envelope in this manner unfairly and/or unconscionably suggests that the enclosed **CALL US TODAY!** Letter is time sensitive when the opposite is true.

100.    The Time Sensitive Envelope's use of the bold and capitalized words "**TIME SENSITIVE DOCUMENT**" violates Section 1692f and in particular Section 1692f(8) of the FDCPA because these words  intended to create, and does create, *a false sense of urgency* to so-called least sophisticated consumers.

101.    At least 40 persons with addresses from within this District were sent a collection letter by MCM where the collection letter was mailed inside a Time Sensitive Envelope within one year of the filing of this lawsuit.

102.    MCM's use of the Time Sensitive Envelope satisfy the elements of typicality, commonality, predominance and superiority.

103.    On information and belief, consumers may have paid their debts as a result of MCM's above violations of the FDCPA.

104.    Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses within this District who were mailed a form collection letter where the letters identified OneMain Financial Warehouse Trust as the original creditor and the collection letters were mailed inside of envelopes containing the words "TIME SENSITIVE DOCUMENT."

105.    The class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends.  The class is subject to amendment if there are less than 40 class members who received the subject envelope or letter from the above identified creditor.

106.    The proposed class can be defined by MCM's records.

107.    Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a.    declare that the Time Sensitive Envelope violates the FDCPA;

b.    enjoin Defendant MCM from using the Time Sensitive Envelope in conjunction with any future collection letters;

c.    award Plaintiff statutory damages of up to $1,000;

d.    award class members actual damages if they paid their subject debts after receiving a collection letter in a Time Sensitive Envelope;

e.    award class members maximum statutory damages; and

f.    award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count II – The Time Sensitive Envelope Violates § 1692e(2)(A) of the FDCPA**

108.    Plaintiff realleges the above paragraphs as though fully set forth herein.

109.    Section 1692e(2)(A) specifically prohibits: "The false representation of — the character, amount, or legal status of any debt."

110.    The Time Sensitive Envelope's use of the bold and capitalized words "**TIME SENSITIVE DOCUMENT**" can and did create a false sense of urgency to so-called least sophisticated consumers.

111.    Plaintiff immediately opened the Time Sensitive Envelope because of the fact that it contained the words "**TIME SENSITIVE DOCUMENT.**"

112.    Plaintiff understood the words "**TIME SENSITIVE DOCUMENT**" to mean that there was a time sensitive document contained within the envelope.

113.    The Time Sensitive Envelope's use of the bold and capitalized words "**TIME SENSITIVE DOCUMENT**" violates Section 1692e(2)(A) because printing the Time Sensitive

18

Envelope in this manner falsely represents that the "character" or "legal status" of the contents of the Envelope was time-sensitive.

114.    MCM's use of the words "**TIME SENSITIVE DOCUMENT**" created a false sense of urgency to a least sophisticated consumer like Plaintiff as to the contents of the **CALL US TODAY!** Letter.

115.    At least 40 persons with addresses within this District were sent a collection letter by MCM where the collection letter was mailed inside a Time Sensitive Envelope within one year of the filing of this lawsuit.

116.    MCM's use of the Time Sensitive Envelope satisfy the elements of typicality, commonality, predominance and superiority.

117.    MCM's use of the Time Sensitive Envelope impacted Plaintiff and caused him to propose to pay the Subject Debt.

118.    On information and belief, consumers may have paid their debts as a result of MCM's above violations of the FDCPA.

119.    Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses within this District who were mailed a form collection letter where the letters identified OneMain Financial Warehouse Trust as the original creditor and the collection letters were mailed inside of envelopes containing the words "TIME SENSITIVE DOCUMENT."

120.    The class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends. The class is subject to amendment if there are less than 40 class members who received the subject envelope or letter from the above identified creditor.

121.    The proposed class can be defined by MCM's records.

122.     Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

    a.   declare that the Time Sensitive Envelope violates the FDCPA;

    b.   enjoin Defendant MCM from using the Time Sensitive Envelope in conjunction with any future collection letters;

    c.   award Plaintiff statutory damages of up to $1,000;

    d.   award class members actual damages if they paid their subject debt after receiving a collection letter in a Time Sensitive Envelope;

    e.   award class members maximum statutory damages; and

    f.   award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count III – The Time Sensitive Envelope Violates § 1692e(10) of the FDCPA**

123.     Plaintiff realleges the above paragraphs as though fully set forth herein.

124.     Section 1692e(10) specifically prohibits: "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

125.     MCM's use of the bold and capitalized words "**TIME SENSITIVE DOCUMENT**" can and did create a false sense of urgency to so-called least sophisticated consumers.

126.     MCM's use of the bold and capitalized words "**TIME SENSITIVE DOCUMENT**" violated Section 1692e(10) of the FDCPA because the quoted words constitute the use of false representations and deceptive means to attempt to collect the Subject Debt.

127.     For example, Plaintiff immediately opened the Time Sensitive Envelope because it contained the words "**TIME SENSITIVE DOCUMENT.**"

128.    Plaintiff understood the words "**TIME SENSITIVE DOCUMENT**" to mean that there was a time sensitive document contained within the envelope.

129.    MCM's use of the words "**TIME SENSITIVE DOCUMENT**" created a false sense of urgency to a least sophisticated consumer like Plaintiff as to the words written on the **CALL US TODAY!** Letter.

130.    At least 40 persons with addresses within this District were sent a collection letter by MCM where the collection letter was mailed inside a Time Sensitive Envelope within one year of the filing of this lawsuit.

131.    MCM's use of the Time Sensitive Envelope satisfy the elements of typicality, commonality, predominance and superiority.

132.    MCM's use of the Time Sensitive Envelope created sense of urgency and induced Plaintiff promise to pay the Subject Debt.

133.    On information and belief, consumers may have paid their debts as a result of MCM's above violations of the FDCPA.

134.    Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses within this District who were mailed a form collection letter where the letters identified OneMain Financial Warehouse Trust as the original creditor and the collection letters were mailed inside of envelopes containing the words "TIME SENSITIVE DOCUMENT."

135.    The class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends. The class is subject to amendment if there are less than 40 class members who received the subject envelope or letter from the above identified creditor.

136.    The proposed class can be defined by MCM's records.

137.    Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a.    declare that the Time Sensitive Envelope violates the FDCPA;

b.    enjoin Defendant MCM from using the Time Sensitive Envelope in conjunction with any future collection letters;

c.    award Plaintiff statutory damages of $1,000;

d.    award class members actual damages if they paid their subject debts after receiving a collection letter in a Time Sensitive Envelope;

e.    award class members maximum statutory damages; and

f.    award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count IV – The CALL US TODAY! Letter Violates Sections 1692e of the FDCPA**

138.    Plaintiff realleges the above paragraphs as though fully set forth herein.

139.    The **CALL US TODAY!** Letter's use of the specific words "**CALL US TODAY!**," "AVAILABLE PAYMENT OPTIONS," "Offer Expiration Date 07-26-2019," and "Save 890.56 if you pay by 07-26-2019" were chosen to cause least sophisticated consumers to accept one of three payment options.

140.    The **CALL US TODAY!** Letter was mailed inside of a "Time Sensitive Envelope."

141.    MCM mailed the **CALL US TODAY!** Letter inside of a "Time Sensitive Envelope" to create a false sense of urgency to a recipient like Plaintiff.

142.    Section 1692e of the FDCPA states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

143.    MCM's practice of mailing collection letters within a "Time Sensitive Envelope" created a manufactured sense of urgency, and therefore constitutes a "false, deceptive, or

misleading representation or means in connection with the collection of any debt" in violation of Section 1692e of the FDCPA.

144.    MCM's practice of mailing collection letters within a "Time Sensitive Envelope" created a manufactured false sense of urgency.

145.    Further, in conjunction with MCM's use of a "Time Sensitive Envelope" and MCM's use of the specific words "CALL US TODAY!", "AVAILABLE PAYMENT OPTIONS," "Offer Expiration Date 07-26-2019," and "Save 890.56 if you pay by 07-26-2019" created a false, deceptive, or misleading representation or means in connection with the collection of a debt in violation of Section 1692e of the FDCPA.

146.    In conjunction with MCM's use of a "Time Sensitive Envelope" and MCM's use of the specific words "CALL US TODAY!", "AVAILABLE PAYMENT OPTIONS," "Offer Expiration Date 07-26-2019," and "Save 890.56 if you pay by 07-26-2019" created a false sense of urgency with regard to the "character" and "legal status" of the underlying debts in violation of Section 1692e(2)(A) of the FDCPA.

147.    In conjunction with MCM's use of a "Time Sensitive Envelope" and in isolation, MCM's use of the specific words "CALL US TODAY!", "AVAILABLE PAYMENT OPTIONS," "Offer Expiration Date 07-26-2019," and "Save 890.56 if you pay by 07-26-2019" created a false sense of urgency thus constitutes the use of a "false representation or deceptive means to collect or attempt to collect" a debt in violation of 1692e(10) of the FDCPA.

148.    Additionally, the identified "Offer Expiration Date" of 07-26-2019 created a false sense of urgency to unsophisticated consumers like Plaintiff in violation of Sections 1692e, 1692e(2)(A), and 1692e(10) because the "Offer Expiration Date" was illusory.

149.    On information and belief, at least 40 persons with addresses within this District received a similarly phrased collection letters like the **CALL US TODAY!** Letter within one year of the filing of this lawsuit where the collection letters were not mailed out on the date listed on the letter, but instead were mailed out more than one week after the purported mailing date and also had an "Offer Expiration Date."

150.    The language and formatting of MCM's **CALL US TODAY!** Letter created sense of urgency in Plaintiff and induced him to promise to pay the Subject Debt.

151.    On information and belief, consumers may have paid their debts as a result of MCM's above violations of the FDCPA.

152.    Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses in this District who, within one year of the filing of this lawsuit, were mailed a letter similar to the **CALL US TODAY!** Letter that was sent to Plaintiff where the original creditor was listed as OneMain Financial Warehouse Trust.

153.    The allegations set forth above and in this Count satisfy the elements of typicality, commonality, predominance and superiority.

154.    The class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends. The class is subject to amendment if there are less than 40 class members who received the subject envelope or letter from the above identified creditor.

155.    The proposed class can be defined by MCM's records.

156.    Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a.  declare that the manner in which the **CALL US TODAY!** Letter was formatted and mailed well after the identified mailing date violates Sections 1692e, 1692e(2)(A), and 1692e(10) of the FDCPA;

b.  enjoin MCM from violating the FDCPA in this manner in the future;

c.  award Plaintiff statutory damages of $1,000;

d.  award class members actual damages if they paid their subject debts after receiving a **CALL US TODAY!** Letter or other collection letter in a Time Sensitive Envelope;

e.  award class members maximum statutory damages; and

f.  award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count V – The CALL US TODAY! Letter Violates Sections 1692f of the FDCPA**

157.    Section1692f generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

158.    In conjunction with MCM's use of a "Time Sensitive Envelope" and MCM's use of the specific words "CALL US TODAY!," "AVAILABLE PAYMENT OPTIONS," "Offer Expiration Date 07-26-2019," and "Save 890.56 if you pay by 07-26-2019" created "unfair or unconscionable means to collect or attempt to collect any debt." in violation of Section 1692f of the FDCPA.

159.    Additionally, the identified "Offer Expiration Date" of 07-26-19 created a false sense of urgency to unsophisticated consumers like Plaintiff in violation of Section 1692f because the "Offer Expiration Date" was illusory.

160.    The illusory "Offer Expiration Date" of 07-26-19 was utilized by MCM to cause unsophisticated consumers like Plaintiff to accept one of the so-called "AVAILABLE PAYMENT OPTIONS" in violation of Section 1692f.

161.    On information and belief, at least 40 persons with addresses within this District received a similarly phrased collection letters like the **CALL US TODAY!** Letter within one year

of the filing of this lawsuit where the collection letters were not mailed out on the date listed on the letter, but instead were mailed out more than one week after the purported mailing date and also had an "Offer Expiration Date."

162.    The language and formatting of MCM's **CALL US TODAY!** Letter created sense of urgency in Plaintiff and induced him to promise to pay the Subject Debt.

163.    On information and belief, consumers may have paid their debts as a result of MCM's above violations of the FDCPA.

164.    Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses in this District who, within one year of the filing of this lawsuit, were mailed a letter similar to the **CALL US TODAY!** Letter that was sent to Plaintiff where the original creditor was listed as OneMain Financial Warehouse Trust, and the collection letters were mailed one to two weeks after the date printed on the letters.

165.    The allegations set forth above and in this Count satisfy the elements of typicality, commonality, predominance and superiority.

166.    The class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends. The class is subject to amendment if there are less than 40 class members who received the subject envelope or letter from the above identified creditor.

167.    The proposed class can be defined by MCM's records.

168.    Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

> a.    declare that the manner in which the **CALL US TODAY!** Letter was formatted and mailed well after the identified mailing date violates Section 1692f of the FDCPA;
>
> b.    enjoin MCM from violating the FDCPA in this manner in the future;

    c.   award Plaintiff statutory damages of $1,000;

    d.   award class members actual damages if they paid their subject debts after receiving a **CALL US TODAY!** Letter or other collection letter in a Time Sensitive Envelope;

    e.   award class members maximum statutory damages; and

    f.   award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

### Count VI – The Delayed Mailing of the CALL US TODAY! Letter Violates Sections 1692e & 1692f of the FDCPA

169.    Plaintiff realleges the above paragraphs as though fully set forth herein.

170.    Section 1692e of the FDCPA states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

171.    Section1692f generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

172.    MCM's practice of mailing collection letters a week or more after the printed mailing dates results in a shortened response time and a manufactured sense of urgency, and therefore constitutes a "false, deceptive, or misleading representation or means in connection with the collection of any debt" in violation of Section 1692e of the FDCPA.

173.    MCM's practice of mailing collection letters like the **CALL US TODAY!** Letter a week or more after the printed mailing dates results in a shortened response time and manufactured a sense of urgency with regard to the "character" and/or "legal status" of the underlying debts, and in particular in relation to a debtor's so-called "AVAILABLE PAYMENT OPTIONS" relative to resolving the subject debts in violation of Section 1692e(2)(A) of the FDCPA.

174.    MCM's practice of mailing collection letters like the **CALL US TODAY!** Letter a week or more after the printed mailing dates results in a shortened response time and manufactured

a sense of urgency and thus constitutes the use of a "false representation or deceptive means to collect or attempt to collect" a debt in violation of 1692e(10) of the FDCPA.

175.    Mailing out form collection letters more than a week after the purported mailing date under the above circumstances would have a material impact on a consumer reviewing the offer identified in the letter.

176.    A shortened response time, artificially created by MCM, put pressure on Plaintiff and others similarly situated and thus constitutes a "false, deceptive, or misleading representation or means in connection with the collection of any debt" as well as an "unfair or unconscionable means to collect or attempt to collect any debt."

177.    MCM's practice of mailing collection letters like the **CALL US TODAY!** Letter a week or more after the printed mailing dates results in a shortened response time and manufactured a sense of urgency, and therefore constitutes an "unfair or unconscionable means to collect or attempt to collect any debt" in violation of Section 1692f of the FDCPA.

178.    On information and belief, at least 40 persons with addresses within this District received a similarly phrased collection letter like the **CALL US TODAY!** Letter within one year of the filing of this lawsuit where the collection letters were not mailed out on the date listed on the letter, but instead were mailed out more than one week after the purported mailing date.

179.    The language and formatting of MCM's **CALL US TODAY!** Letter created sense of urgency in Plaintiff and induced him to promise to pay the Subject Debt.

180.    On information and belief, consumers may have paid their debts as a result of MCM's above violations of the FDCPA.

181.    Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

All persons with mailing addresses in this District who, within one year of the filing of this lawsuit, were mailed a letter similar to the **CALL US TODAY!** Letter that was sent to Plaintiff where the original creditor was listed as OneMain Financial Warehouse Trust, and the collection letters were mailed one to two weeks after the date printed on the letters.

182.  The allegations set forth above and in this Count satisfy the elements of typicality, commonality, predominance and superiority.

183.  The class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends. The class is subject to amendment if there are less than 40 class members who received the subject envelope or letter from the above identified creditor.

184.  The proposed class can be defined by MCM's records.

185.  Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a.  declare that the manner in which the **CALL US TODAY!** Letter was mailed well after the identified mailing date violates Sections 1692e, 1692e(2)(A), 1692e(10) and 1692f of the FDCPA;

b.  enjoin MCM from violating the FDCPA in this manner in the future;

c.  award Plaintiff statutory damages of $1,000;

d.  award class members actual damages if they paid their subject debt after receiving a collection letter that was mailed a week or more after the printed date on the letter;

e.  award class members maximum statutory damages; and

f.  award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count VII – MCM's use of the Time-Barred Disclosure Language and Updated Time-Barred Disclosure Language Violates Sections 1692e(2)(A), 1692e(10) and 1692f of the FDCPA**

186.  Plaintiff realleges the above paragraphs as though fully set forth herein.

187.    MCM's inclusion of the Time-Barred Debt Disclosure Language on the 07-26-2019 Letter violated Section 1692e(2)(A) of the FDCPA which prohibits "The false representation of — the character, amount, or legal status of any debt."  MCM's inclusion of the Time-Barred Debt Disclosure Language on the 07-26-2019 Letter violated Section 1692e(10) of the FDCPA which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

188.    MCM's inclusion of the Time-Barred Debt Disclosure Language on the 07-26-2019 Letter constitutes an "unfair or unconscionable means to collect or attempt to collect any debt" in violation of Section 1692f of the FDCPA.

189.    MCM's inclusion of the Time-Barred Debt Disclosure Language on the 07-29-2019 Letter violated Section 1692e(2)(A) of the FDCPA which prohibits "The false representation of — the character, amount, or legal status of any debt."

190.    MCM's inclusion of the Time-Barred Debt Disclosure Language on the 07-29-2019 Letter violated Section 1692e(10) of the FDCPA which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

191.    MCM's inclusion of the Time-Barred Debt Disclosure Language on the 07-29-2019 Letter constitutes an "unfair or unconscionable means to collect or attempt to collect any debt" in violation of Section 1692f of the FDCPA.

192.    MCM's inclusion of the Updated Time-Barred Debt Disclosure Language on the 08-07-2019 Letter violated Section 1692e(2)(A) of the FDCPA which prohibits "The false representation of — the character, amount, or legal status of any debt."

193.    MCM's inclusion of the Updated Time-Barred Debt Disclosure Language on the 08-07-2019 Letter violated Section 1692e(10) of the FDCPA which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

194.    MCM's inclusion of the Updated Time-Barred Debt Disclosure Language on the 08-07-2019 Letter constitutes an "unfair or unconscionable means to collect or attempt to collect any debt" in violation of Section 1692f of the FDCPA.

195.    MCM's inclusion of the Updated Time-Barred Debt Disclosure Language on the 08-30-2019 Letter violated Section 1692e(2)(A) of the FDCPA which prohibits "The false representation of — the character, amount, or legal status of any debt."

196.    MCM's inclusion of the Updated Time-Barred Debt Disclosure Language on the 08-30-2019 Letter violated Section 1692e(10) of the FDCPA which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

197.    MCM's inclusion of the Updated Time-Barred Debt Disclosure Language on the 08-30-2019 Letter constitutes an "unfair or unconscionable means to collect or attempt to collect any debt" in violation of Section 1692f of the FDCPA.

198.    Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses in this District who were mailed a collection letter where the original creditor was listed as OneMain Financial Warehouse Trust, and the letters improperly contained Time-Barred Debt Disclosure Language or Updated Time-Barred Debt Disclosure Language where the subject debts were not in fact time-barred under Texas law.

199.    The allegations in this Count satisfy the elements of typicality, commonality, predominance and superiority. The proposed class can be defined by MCM's records.

200.    The class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends. The class is subject to amendment if there are less than 40 class members who received  a similarly phrase collection letter from the above identified creditor.

201.    Plaintiff is represented by counsel versed in consumer class actions and the prosecution and defense of FDCPA class actions.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a.  declare that the manner in which MCM improperly utilized Time-Barred Debt Disclosure Language and Updated Time-Barred Debt Disclosure Language (where the subject debts were not time-barred) violated Sections 1692e(2)(A), 1692e(10) and 1692f of the FDCPA;

b.  enjoin MCM from violating the FDCPA in this manner in the future;

c.  award Plaintiff statutory damages of $1,000;

d.  award class members actual damages if they paid their subject debt after receiving a collection letter that included the Time-Barred Debt Disclosure or the Updated Time-Barred Debt Disclosure where the subject debts were not time-barred;

e.  award class members maximum statutory damages; and

f.  award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

*Plaintiff demands a jury trial*

Respectfully submitted, on behalf of

Plaintiff Arnold Benavides individually
and on behalf of all others similarly situated,

Date: 11/25/2019

/s/ Alexander J. Taylor
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 telephone
ataylor@sulaimanlaw.com